①
3-17-00
fc

IN THE UNITED STATES DISTRICT COURT OF THE MIDDLE DISTRICT:

BRADY L. DAVIS                             COMPLAINT

          Plaintiff              JURY TRIAL DEMANDED

     VS.

**1: CV   00-0490**

Correctional Officer, Fox, et.al.,
Correctional Officer, Zielinski,
Correctional Officer, Henning,
Hearing Examiner, K.L. Breon,                    FILED
Hearing Examiner, Maresca,                    SCRANTON
P.R.C., K. Tripp,
P.R.C., Kandis K. Dascani,                 MAR 15 2000        RECEIVED
P.R.C., Jack Sommers,                    PER _____    HARRISBURG, PA
P.R.C., Michael Corbacio,                   DEPUTY CLERK      MAR 13 2000
Unit Manager, L. Grover,
Warden, Frank D. Gillis,                              MARY E. D'ANDREA, CLERK
Chairman, Hearing Examiner, Robert S. Bitner,        Per _____
Any and all other Defendants will be Added under
Discovery: All Defendants are sued in their Individual Capacities and Official
Capacities,

          Defendant(s)

---

**Preliminary Statement**

     This is a Civil Rights Action filed by Brady L. Davis, a State prisoner,
for damages and injunctive relief under 42 U.S.A. § 1981, 1983, 1985, 1986,
alleging Denial of due process and Conspiring to detain me from my freedom,
which is a Violation of the First, Eighth and Fourteenth Amendments of the
United States.

**Jurisdiction**

     1.  The Court has jurisdiction over the plaintiff's Claims of Violations
of Federal Constitutional Rights under 42 U.S.A. §§ 1331(a) and 1343.

     2.  The Court has Supplemental Jurisdiction over the plaintiff's State
Tort Law Claims under 28 U.S.A. § 1367.

"PARTIES"

3.  Defendant, Officer Zielinski, employed at Coal Township State Facility during the events described in this complaint is sued in his individual capacities.

4.  Defendant, Officer Henning, employed at Coal Township State Facility during the events described in this complaint is sued in his individual capacities.

5.  Defendant, Unit Manager Grover, employed at Coal Township State Facility during the events described in this complaint is sued in his individual capacities.

6.  Defendants, Hearing Examiners Maresca and K.L. Breon, employed at Coal Township State Facility during the events described in this complaint are sued in their individual capacities.

7.  Defendants, M.P. Corbacio, J. Sommers, and K. Tripp, empoyed at Coal Township State Facility during the events described in this complaint are sued in their individual capacities.

8.  Defendant, Frank Gillis, employed at Coal Township State Facility during the events described in this complaint is sued in his individual capacities.

9.  Defendant, Robert S. Bitner, Chief Hearing Examiner, is an employee for the State Correctional Department during the events described in this complaint.  He is sued in his individual capacities.

10.  Defendant, K. Dascani, P.R.C., employed at Coal Township State Facility during the events described in this complaint is sued in her individual capacities.

11.  Defendant, Officer Fox, employed at Coal Township State Facility during the events described in this complaint

**"CLAIMS FOR RELIEF"**

1.  The action of defendant "Zielinski", who protruded the situation through his antagonizing and discrimination is a violation of the Eighth Amendment of the United States Constitution.  (Cruel and Unusual Punishment)

2.  Officer "Henning" failure to interview plaintiff constitutes a violation of the Fourteenth Amendment of the United States Constitution.  (Due Process)

3.  Hearing Examiners "Maresca and K.L. Breon" failure to have plaintiff present at hearing, and as much refused to listen to conversation of the monitored tape, is a violation of the Fourteenth Amendment of the United States Constitution. (Due Process)

4.  Program Review Committee, M.P. Corbacio, J. Sommers and K. Tripp, failure to listen to conversation of the monitored tape is a violation of the Fourteenth Amendment of the United States Constitution.  (Due Process)

5.  Superintendent, Frank Gillis, failure to listed to conversation of monitored tape is a violation of the Fourteenth Amendement of the United States Constitution.  (Due Process)

6.  Unit Manager, L. Grover, failure to intervene to prevent the continued antagonization is a violation of the Eighth Amendement of the United States Constitution. (Cruel and Unusual punishment)

7. Defendant, Robert S. Bitner, Chief Hearing Examiner. He is sued in his individual capacity, for failing to correct the misconduct, violating the Fourteeth Amendment of the United States Constitution.

8. Defendant, K. Dascani, P.R.C. She is sued in her individual capacity for failing to correct the misconduct. Violating the Fourteenth Amendment of the United States Constitution.

9. Defendant, Officer Fox, is sued for tampering with record in his individual capacity for violation of the Fourteenth and Eighth Amendment of the United States Constitution.

VIOLATION, ISSUE #(1) MISCONDUCT #867066

WITH      REWROTE

EXHIBIT    866470

**Parties**

3. The plaintiff, Brady L. Davis, is incarcerated at Coal Township Correctional Facility, (Coal Township) during the events described in this complaint.

4. Defendant K.L. Breon, a hearing examiner at Coal Township. He is sued in his individual capacity.

5. Defendant Correctional Officer employed at Coal Township, Whose name is D. Fox. He is sued in his individual capacity.

6. Defendants Kandis K. Dascani, Jack Summers, Michael Corbacio, are members of the Program Review Committee at Coal Township. They are sued in their individual capacities.

7. Defendant Frank D. Gillis is the Superintendent at Coal Township. He is sued in his individual capacity.

8. Defendant Robert S. Bitner, the Chief Hearing Examiner of the Department of Corrections. He is sued in his individual capacity.

9. All the defendants have acted, and continue to act, under color of state law at all time relevant to this complaint.

**Facts**

10. On 8/10/99 at approximately 9:45am, Officer Fox and Officer Richards came to my cell that I share with inmate Savage, Anthony, CJ-4805. They came to do a random cell search. During this search Officer Fox found eighteen packs of cigarettes in my wall locker.

11. He continued the search by looking in the boxes under the wall locker that belonged to my cell mate.

12. He found two cartons (20 packs). My cell-mate and I were standing outside the cell door, looking into the cell. Officer Fox came to the door with the two cartons in his hand, he asked, "Who did the cigarettes belong to?" My cellie told him that they were his. Officer Fox then asked him if he was coming up for parole. My cellie explained to him that he was maxing. He then said that they were mine.

13. After searching the cell, the officers left and returned with a confiscation slip with my name on it. I asked the officer why was my name on the confiscation slip. He said because the cigarettes were mine. So I had to give the eighteen packs that were mine to my cell mate, because the one's they took belonged to him, but they gave me the confiscation slip. Because my name was on the confiscation slip, I would have to request for them, this is why I gave my cell mate the one's I had. When I asked for them, the officer gave me a misconduct.

14. I went to the misconduct hearing on 8/12/99. During that hearing I requested for Officer Richards to testify. Officer Richards testified that there were eight packs in my wall locker in a box. He sated that there were some in a box under the wall locker. This contradicted Officer Fox's statement who wrote in his misconduct report that (38) packs were in my wall locker. The hearing examiner discharged the matter without prejudice on that date, 8/12/99. On 8/21/99, I submitted a request slip to Captain McAnnaney asking him for the cigarettes, telling him why I was asking for them. I explained to him that I had gave my eighteen packs to my cell mate, because the officers had gave me the confiscation slip for his (20). On 8/24/99, I received a misconduct hearing. I was found guilty for a misconduct that the same hearing examiner had discharged on 8/10/99.

15. I appealed that decision to the P.R.C. I sent information to them explaining that the officer had changed information in the second report. I also explained that it is a crime to change information in a misconduct report that has been rewrote. I gave them case law to support that information. I explained that the officer violated my due process by changing the information in the report and (7) days rule by rewriting the report (12) days later. I explained to the Program Review Committee, that commissary is not a class 1, category B. #8 misconduct, it is not contraband, it is confiscatible with no sanction. There is no "Policy" on commissary as to receiving a misconduct, in the D.O.C., or the supplement of S.C.I. Coal Township, 1998.

16. I appealed to the Superintendent with the same information. He replied by saying that there was nothing in the entire record related to a second hearing, when the second report states that this is being rewritten due to dismissal of the first misconduct.

17. I appealed to the Chief Hearing Examiner with all the information form the misconduct hearing, P.R.C., and the Superintendent.

18. His response was he reviewed the entire record of this misconduct; including the misconduct report, the hearing report, and related documents. He states he thoroughly reviewed the issues that I raised to the final review.

19. How could he have reviewed the entire record and not see that I gave them information concerning the category in which the misconduct was written in? At no level of my appeals did this issue get addressed.

20. This is a violation of my due process. There must be a "Policy" in order for someone to violate it!

FORM DC-141  **PART I**   **COMMONWEALTH OF PENNSYLVANIA**
Rev. 6-84

☒ MISCONDUCT REPORT ☐ OTHER   **DEPARTMENT OF CORRECTIONS**          866470

| DC Number | Name | Institution | Incident Time 24 Hr. Base | Incident Date | Date of Report |
|---|---|---|---|---|---|
| BX 3685 | DAVIS, BRADY | SCI-CT | 0945 | 08/10/99 | 8/24/99 |

| Quarters | Place of Incident |
|---|---|
| FA 1019 | FA @ 1019 CELL |

**OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR W)**

| DC Number | Name | I | W | DC Number | Name | I | W |
|---|---|---|---|---|---|---|---|
| STAFF | COI RICHARDS | | Y | | | | |
| | | | | | | | |
| | | | | | | | |

MISCONDUCT CHARGE OR OTHER ACTION   CLASS I CATEGORY B #8 POSSESSION OF CONTRABAND
(EXCESSIVE COMMISSARY)

STAFF MEMBER'S VERSION  THIS MISCONDUCT IS BEING RE-WRITTEN DUE TO DISMISS W/O
PREJUDICE. ON 8/10/99 AT APPROXIMATELY 0945 HOURS, OFFICER RICHARDS AND I (COI D. FOX)
PERFORMED A RANDOM CELL SEARCH OT FA 1019 WHICH HOUSES BX 3685 DAVIS, BRADY AND
CJ 4805 SAVAGE, ANTHONY. WHILE SEARCHING INMATES DAVIS WALL LOCKER I FOUND
THREE CARTONS OF NEWPORTS CIGARETTES ~~████████████████████████████~~
~~████████████████████████████████████████████████████~~
THE THREE CARTONS OF CIGARETTES PLACED THEM NEXT TO HIS COMMISSARY BOX AND I PERFORM
A PRICE INVENTORY ON ALL COMMISSARY ITEMS THAT WERE FOUND IN HIS WALL LOCK
AND COMMISSARY BOX. INMATE DAVIS HAD IN HIS PERSONAL PROPERTY $28.45 IN FOOD
ITEMS AND $91.58 IN CIGARETTES, THE TOTAL FOR FOOD ITEMS AND CIGARETTES WERE
$120.03 I THEREFORE, ONLY CONFISCATED 20 PACKS OF CIGARETTES VALUED AT $48.20
CONFISCATION SLIP # 931937

IMMEDIATE ACTION TAKEN AND REASON  misconduct is warranted - continue present
action until seen by the Hearing Examiner.

PRE-HEARING CONFINEMENT 0

IF YES

☐ YES   TIME   DATE
☒ NO

FORMS GIVEN TO INMATE
☒ REQUEST FOR WITNESSES AND REPRESENTATION   ☒ INMATE'S VERSION

| REPORTING STAFF MEMBER SIGNATURE AND TITLE | ACTION REVIEWED AND APPROVED BY RANKING C.O. ON DUTY    SIGNATURE AND TITLE | DATE AND TIME INMATE GIVEN COPY | |
|---|---|---|---|
| | | DATE | TIME 24 HOUR BASE |
| D. Fox COI | J.F. Smith COIII | 24 AUG 99 | 0930 |

| YOUR HEARING MAY BE SCHEDULED ANY TIME AFTER | | Misconduct Category | Signature of Person Serving Notice |
|---|---|---|---|
| DATE | TIME | ☒ CLASS 1  ☐ CLASS 2 | CO' Novallis |
| 8-26-99 | 0800 | | co' Novallis |

**NOTICE TO INMATE**
You are scheduled for a hearing on this allegation on the date and the time indicated or as soon thereafter as possible. You may remain silent, if you wish. Anything you say will be used against you both at the misconduct hearing and in a court of law if this matter is referred for criminal prosecution. If you choose to remain silent, the hearing committee/examiner may use your silence as evidence against you. If you indicate that you wish to remain silent, you will be asked no further questions. If you are found guilty of a Class I misconduct, any pre-release status you have will be revoked.

— 3 —

| FORM **DC-141**  **PART I** Rev. 6-84 | COMMONWEALTH OF PENNSYLVANIA | | | | | |
|---|---|---|---|---|---|---|
| ☒ MISCONDUCT REPORT ☐ OTHER | DEPARTMENT OF CORRECTIONS | | | | | **867066** |

| DC Number: **BX-3685** | Name **Davis, Brady** | Institution **SCI-CT** | Incident-Time 24 Hr. Base **0945** | Incident Date **08/10/99** | Date of Report **08/10/99** |
|---|---|---|---|---|---|

| Quarters **FA-1019** | Place of Incident **FA-1019 Cell** | | | | |
|---|---|---|---|---|---|

### OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR W)

| DC Number | Name | I | W | DC Number | Name | I | W |
|---|---|---|---|---|---|---|---|
| **Staff** | COI Richards | | X | | | | |
| | | | | | | | > |
| | | | | | | | |

### MISCONDUCT CHARGE OR OTHER ACTION

Class I, Category B, #8 – Possession of Contraband (excessive commissary)

### STAFF MEMBER'S VERSION

On 08/10/99 at approximately 0945 hours, Officer Richards and I (COI D. Fox) performed a random cell search of FA-1019, which houses Inmates BX-3685 Davis, Brady and CJ-4805 Savage, Anthony. ~~████████████████~~ of Newport cigarettes. I continued my search and found a commissary box with his name on it. Davis had excessive amount of commissary items in this box. Myself and Officer Richards then performed a price inventory check on all commissary items that were found in the box and wall locker. Inmate Davis had in his personal property $28.45 in food items and $91.58 in cigarettes, the total for food items and cigarettes were $120.03. I therefore only confiscated 20 packs of cigarettes valued at $49.00.

Confiscation slip #931937.

### IMMEDIATE ACTION TAKEN AND REASON

Continue Present Status And Housing Pending Disposition Of Misconduct. Hold For Hearing Examiner.

### PRE-HEARING CONFINEMENT

| | IF YES | |
|---|---|---|
| | TIME | DATE |
| ☐ YES ☒ NO | | |

| | FORMS GIVEN TO INMATE |
|---|---|
| | ☒ REQUEST FOR WITNESSES AND REPRESENTATION    ☒ INMATE'S VERSION |

| REPORTING STAFF MEMBER SIGNATURE AND TITLE | ACTION REVIEWED AND APPROVED BY RANKING C.O. ON DUTY    SIGNATURE AND TITLE | DATE AND TIME INMATE GIVEN COPY | |
|---|---|---|---|
| | | DATE | TIME 24 HOUR BASE |
| D. Fox, COI | *Kushinski COIU* | 8-10-99 | 1450 |

| YOUR HEARING MAY BE SCHEDULED ANY TIME AFTER | | Misconduct Category | Signature of Person Serving Notice |
|---|---|---|---|
| DATE | TIME | | |
| 8-12-99 | 0800 | ☒ CLASS I  ☐ CLASS 2 | *Kaudner COI* |

### NOTICE TO INMATE

You are scheduled for a hearing on this allegation on the date and the time indicated or as soon thereafter as possible. You may remain silent, if you wish. Anything you say will be used against you both at the misconduct hearing and in a court of law if this matter is referred for criminal prosecution. If you choose to remain silent, the hearing committee/examiner may use your silence as evidence against you. If you indicate that you wish to remain silent you will be asked no further questions. If you are found guilty of a Class I misconduct, any pre-release status you have will be revoked.

**DC-141    PART II E    COMMONWEALTH OF PENNSYLVANIA**
MISCONDUCT HEARING APPEAL         DEPARTMENT OF CORRECTIONS

| DC Number | Name | Institution | No. from PART I |
|---|---|---|---|
| BX-3685 | Mr. Brady Davis    Cell #19 | SCI Coal | 866470 |

I was found guilty of misconduct # ___866470___ on ___8/26/99___ (date) by the Hearing Committee/Examiner, and I wish to appeal that decision on the following grounds:

Check Area(s) Involved

a. The procedures employed were contrary to law, Administrative Directive 801, or to the ICU Consent Decree;                                       [x]

b. The punishment is disproportionate to the offense;                          [x]

c. The evidence was insufficient to support the decision.                       [x]

Below is a brief statement of the facts relevant to my claim(s). It includes the identity of all persons who may have information which may be helpful in resolving this matter.

This ia an appeal from the decision of the hearing examiner (Hereinafter,Hex), in the above stated misconduct matter. In support of this appeal this inmate states that the following is true and correct to the best of my information, ,Knowledge and beliefs.

In, Collins V. Vileh, 375 F. Supp. 856 (D.N.H. 1974) it's states that several courts have stated that the disciplinary committee's decision must be based on the evidence in the record.

The officer first misconduct report was contradicted by the officer who was with him.The officer who testify at the hearing stated that there was (18) packs in my wall locker, and the other was in a box. This contradicted officer Fox, statement who wrote in his misconduct report that (38) packs was in my wall locker. The hearing examiner discharged the matter W/P. on 8-12-99.

On 8-24-99, Officer Fox. rewrote it (12) days after the hearing examiner decision The officer changed the evidence from the first misconduct report, this is a violation of due process of the rule of "Specifically" and substantial evidence to support a decision.My celly testify at the hearing that the cigarette in the box was his, he also had told the officer doing the seach that the cigarettes was his.

There is also a violation of the rule (7) seven days limit (Majid V. henderson) 553 F. Supp. 1257 (1982).

ontinuous of appeal 866470)

have commissary slips showing that I had just purchased a carton (10) five days
fore the seach. If I had that amount of cigarettes I would not had to purchase any
garettes at commissary on 8-5-99.

 In the "D.O.C." inmate handbook on page (6) it give you a destription of
ntraband from A-I, there is noting about having to much commissary.There is no
formation to indicate that you could be punish for having to much commissary.

 In the "D.O.C." under misconduct charges, 1-35 there is noting about commissary
ems 801-805.

 In the "D.O.C." it states that there is a limit on the amount you may spend, and
 the amount you may have in your cell or living area.But no where does it states
at you can be punished for having to much!    ؟

 In the supplement handbook of S.C.I. Coal Township 1998 it states, there is a
.5.00 limit on the total consumable items both edible and non edible items. Over
e limit is subject to confiscation, not a misconduct!
 This information is on page #49-50, there is no misconduct "Policy" on commissary
ems.


 a D.O.C. employee rewrites a misconduct report and change anything from the
riginal which was dismissed at a hearing it is illegal and can be prosecuted in
riminal Court.See PA. persury statute: 18PA. C.S.A. SS.4902!

so if a hearing examiner entertains a second version of a misconduct report,Knowing
e first one was dismissed and the facts are changed,then the hearing examiner can
 charged with the section of the perjury statutes which deal with tampering with
blic record or information, 18PA. C.S.A. SS.4911!

e Supreme Court rule these laws apply to administration proceedings in U.S. V.
udin 115 S.CT.2310 "1995".


Conclusion:
        This matter is not a class 1 misconduct.I'm requesting for a dismisal,
on the ground that it was wrote in the wrong category #8,along with all the wrong
facts.

*19*

**DC-141   PART III**
PROGRAM REVIEW COMMITTEE ACTION
☒ Misconduct Appeal ☐ Periodic Review ☐ Other

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

| DC Number | Name | Institution | Date of Review | No. from PART I |
|---|---|---|---|---|
| BX.3685 | DAVIS Brady | SCI COA | 9/13/99 | 866470 |

PROGRAM REVIEW COMMITTEE'S DECISION AND ITS RATIONALE

P.R.C. reviewed Mr. _Davis_ 's misconduct appeal # _866470_ .

On _8/10/99_ , he received a misconduct for _Class I Cat B #8_

On _8/26/99_ , he was found guilty of _charge_ .
The sanction was _Re/oke confiscated items  5 days cell restriction_
. Mr. _DAVIS_ appealed in the following area(s):

(A.) The Procedures Employed were Contrary to Law, Administrative
    Directive 801, or to the ICU Consent Decree.
(B.) The Punishment was Disproportionate to the Offense.
(C.) The Evidence was Insufficient to Support the Decision.

P.R.C. Decision

UPON REVIEW OF APPEAL 866470 PRC SUSTAINS THE
DECISION OF THE HEARING EXAMINER.

THE PROCEDURES FOLLOWED WERE IN ACCORDANCE WITH
THE DC ADM 801. THE SANCTION IMPOSED IS WITHIN
THE PRESUMPTIVE RANGE OF MISCONDUCT SANCTIONS
OUTLINED UNDER DIRECTIVE AND IS NOT VIEWED BY PRC
TO BE DISPROPORTIONATE TO THE OFFENSE. THE FINDINGS
OF FACT MADE BY THE EXAMINER ARE SUPPORTED BY
EVIDENCE PRESENTED AT YOUR HEARING.

**DECISION RELATIVE TO HEARING COMMITTEE'S VERDICT**

☐ Not Applicable     ☒ Sustain     ☐ Sustain-Amend     ☐ Refer Back For Further Study     ☐ Exonerate Inmate

| Names of Program Review Committee Members | Signatures | Date |
|---|---|---|
| KK iAccani CSA | KK Dascan CSA | 9/13/99 |
| MP Qrzacio CM I | MP Coe- | 13 SEPT 99 |
| J Somers CCPM | M Som | 9/13/99 |

SUPT / OUD cc:.

99 SEP 22 PM 3: 16

TO:      FRANK D. GILLIS
         SUPERINTENDENT

FROM:    BRADY DAVIS
         BX-3685              F-A-1019

RE:      SECOND LEVEL OF APPEAL - MISCONDUCT NO. 866470

DATE:    SEPTEMBER 15, 1999


     I am appealing the decision of the Hearing Examiner for the above
referenced misconduct that was upheld by the Program Review Committee.

     In support of this appeal, this inmate states that the following is true
and correct to the best of my information, knowledge and beliefs.

     In <u>Collins v. Vilek</u>, 375 F.Supp. 856 (D.N.H. 1974), it is stated that
several courts have stated that the disciplinary committee's decision must be
based on the evidence in the record.

     The officer's first misconduct report was contradicted by the officer who
was with him.  The officer who testified at the hearing stated that there were
(18) packs of cigarettes in my wall locker, and the others were in a box.
This contradicted Officer Fox's statement when he wrote in his misconduct
report that (38) packs were in my wall locker.  The Hearing Examiner dismissed
the matter without prejudice on August 12, 1999.

     On August 24, 1999, Officer Fox rewrote the misconduct, 12 days after the
Hearing Examiner's decision.  The officer changed the evidence from the first
misconduct report, which is a violation of due process of the rule of
"Specifically" and substantial evidence to support a decision.  My cellmate
testified at the hearing that the cigarettes in the box were his, as he told
the officer performing the search that they were his (See Attached Affidavit).

     The rewriting of this misconduct is also a violation of the rule (7) day
limit, see <u>Majid v. Henderson</u>, 553 F.Supp. 1257 (1982).

     I also have commissary slips showing that I had just purchased a carton
(10 packs) five days before the search.  If I had that amount of cigarettes,
I would not have had to purchase any cigarettes at commissary on August 5,
1999.

     1. In the "D.O.C." inmate handbook on page (6), it gives you a
        description of contraband from A-I.  There is nothing about having too
        much commissary.  There is no information to indicate that you be
        punished for having too much commissary.

     2. In the "D.O.C." inmate handbook under misconduct charges, 1-35, there
        is nothing about commissary items 801-805.

3. In the "D.O.C." inmate handbook, it states that there is a limit on the amount you may spend, and to the amount you may have in your cell or living area.  But nowhere does it state that you can be punished for having too much!

4. In the inmate handbook supplement of S.C.I. Coal Township 1998, it states there is a $55.00 limit on the total consumable items both edible and non-edible items.  Over the limit is subject to confiscation, not a misconduct!  This information is on pages 49-50, there is no misconduct "Policy" on commissary items.

If a D.O.C. employee rewrites a misconduct report and changes anything from the original which was dismissed at a hearing, it is illegal and can be prosecuted in Criminal Court.  See Pa. perjury statute, 18 Pa. C.S.A. § 4902!

Also, if a hearing examiner entertains a second version of a misconduct report, knowing the first one was dismissed and the facts are changed, then the hearing examiner can be charged with the section of the perjury statute which deals with tampering with public records or information, 18 Pa. C.S.A. § 4911!

The Supreme Court ruled that these laws apply to administration proceeding in U.S. v. Gaudin, 115 S.Ct. 2310 (1995).

In conclusion, this matter is not a Class I misconduct.  I am requesting a dismissal on the grounds that it was written in the wrong category #8, along with all the wrong facts.

Respectfully Submitted,

Brady Davis

cc:  files



**COMMONWEALTH OF PENNSYLVANIA**
**Department of Corrections**
**State Correctional Institution Coal Township**
(570) 644-7890
September 24, 1999

**SUBJECT:**   Appeal to the Second Level
Misconduct 866470

**TO:**   Brady Davis BX-3685
F-A-1019

**FROM:**   Frank D. Gillis
Superintendent

I have received your Request for Appeal to the Second Level of the
above-noted misconduct and I have reviewed the entire record related to
this matter.

As a result of this review, it is my determination that the action taken by
the Hearing Examiner at the Misconduct Hearing and by the Program
Review Committee as a result of your appeal to the first level is correct
and shall be sustained.

You state in your appeal to this office that there exists a difference in the
testimony provided by staff at the first hearing and the second hearing on
this misconduct. Inasmuch as there exists no record from the first hearing
and since whatever occurred there is not relevant to this appeal, that
claim must be discarded.

The fact is that the Hearing Examiner made a determination of the facts
based on the evidence presented and this determination resulted in the
finding of guilt.  The Hearing Examiner believes that more likely than not,
the excess cigarettes did, in fact, belong to you.

FDG/jh

cc:   DC-15
File

SUBJECT:   APPEAL FROM THE SECOND LEVEL DECISION
           MISCONDUCT 866470

TO:        OFFICE OF CHIEF HEARING EXAMINER

FROM:      BRADY DAVIS, BX-3685
           SCI - COAL TOWNSHIP

DATE:      SEPTEMBER 25, 1999


I am appealing the misconduct above, because the Superintendent said he reviewed the entire record related to this matter. How could he have reviewed the entire record and not seen that it was two misconduct reports? Especially since the second report states that this is being rewritten due to Dismissal of the first misconduct.

The Superintendent never addressed the fact that the misconduct was written up in the wrong category. Cigarettes are not contraband, it is items from Commissary; the only thing it could be is something that could be confiscated. Confiscation is not a misconduct category B #8.

At the hearing, Officer Richards testified that three cartons were in a box that my celly had explained to them during the search that they were his. He came to the hearing and testified to that fact.

Officer Fox changed his information in the second report to try to coincide with what was said at the first hearing by saying he found eight packs in a box when he did not mention anything about a box containing cigarettes. In the first report you will see from the sanction sheet that the hearing examiner dismissed the misconduct W/P. You will also see that Officer Richards clearly testified that three cartons were in a box with my cellmate's belongings in it.

Captain McAnnaney has my sanction sheet. I had sent it to him to receive my cigarettes back because the eighteen he left I had to give to my celly because they gave me the confiscation slip for the twenty that were my cellmates.

I am confident that this auxiliary will correct this matter and put it to rest. I am sending documents of the facts. Please look at the attached sheets.

I am looking forward to your reply.

Respectfully Submitted,

Brady Davis

cc:  files

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
1451 N. MARKET STREET
ELIZABETHTOWN, PA 17022

OFFICE OF THE
CHIEF HEARING EXAMINER                        October 8, 1999


Brady Davis, BX-3685
SCI Coal Township

                                Re:    DC-ADM 801 - Final Review
                                       Misconduct No. 866470

Dear Mr. Davis:

         This is in response to your appeal to final review of the above numbered misconduct.

         In accordance with DC-ADM 801, VI, I., 3, as amended effective November 1, 1997, I have reviewed the entire record of this misconduct; including the misconduct report, the hearing report and related documents, your appeal to the Program Review Committee and their response, your appeal to the Superintendent and his response. I have also thoroughly reviewed the issues you raise to final review.

         The issues you raise to final review have already been addressed by the Program Review Committee and the Superintendent. On review of the record, this office concurs with their responses. I find no persuasive basis from which to conclude that the Examiner erred in conducting the hearing. The Examiner specifically documented findings of fact based on evidence presented at the hearing to support the decision.    The procedures followed were in complete accordance with DC-ADM 801, §VI. The sanction imposed is within the presumptive range of misconduct sanctions, is not viewed to be disproportionate to the offense, and therefore will not be amended at this level.

         For the above-stated reasons, the responses provided by the Program Review Committee and the Superintendent are upheld in full! Your appeal must, therefore, be denied.

                                Sincerely,

                                Robert S. Bitner
                                Chief Hearing Examiner


RSB:ph
pc:    Superintendent Gillis

# A F F I D A V I T

TO WHOM IT MAY CONCERN:

I, **ANTHONY SAVAGE**, swear that the information in this affidavit is true and correct to the best of my knowledge.

On August 10, 1999, my cell was searched. During the course of the search, Officer Fox asked me to whom the cigarettes in the box that he was searching belonged. I explained to him that they were mine. He then asked me was I coming up for parole and I explained to him that I was maxing out. Officer Fox then said to Mr. Davis that the cigarettes were his.

*Anthony Savage* 9-17-99
Anthony Savage

I verify that the facts set forth in this complaint are true and correct to the best of my knowledge or information and belief.
This verification is made subject to the penalties of Section 4904 of the Criminal Code (18 PA. C.S.A. § 4904) relating to unsworn falsification to authorities.

**DC-154A**

## No. 931937

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

# Confiscated Items Receipt (Inmate)

| DC Number | Name | Cell | Institution | Date | Time |
|---|---|---|---|---|---|
| BX 3685 | DAVIS BRADY | FA 1019 | SCI-CT | 8-16-19 | 0945 |

X Random Search
— General Search
— Investigative Search

Misconduct Report
Prepared
Yes _Y_ No —

Comment: HOLD FOR HEARING EXAMINER

INMATE REFUSE TO SIGN

| Items Confiscated | Items Confiscated |
|---|---|
| 20 PACKS NEWPORT CIGARETTES | |
| | |
| | |
| | |
| | |
| | |

Signature and Title of Officer:

1. DC-15     2. Deputy Superintendent for Operations     3. Inmate

FORM DC-141  PART II B
Rev. 6-84
DISCIPLINARY HEARING REPORT

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

| DC Number | Name | Institution | Hearing Date | Hearing Time | No. from PART |
|-----------|------|-------------|--------------|--------------|---------------|
| BK3685 | DAVIS, BRADY | SCI CT | 03 SEP 99 | 1017 | 596509 |

| INMATE PLEA | ☐ Guilty   ☑ Not Guilty | ☐ No Plea   ☐ Other | Verdict | ☑ Guilty   ☐ Not Guilty |
|---|---|---|---|---|

**HEARING ACTION**

CHARGES   Breaking restriction or quarantine

FINDINGS OF FACT, VERDICT, AND SANCTIONS IMPOSED

Davis pleads not guilty. Davis states his restriction expired
8/30.

This researches verifies Davis' claim.

Charge Dismissed

| | | |
|---|---|---|
| ☑ YES | ☐ NO | The inmate has heard the decision and has been told the reason for it and what will happen. |
| ☑ YES | ☐ NO | The circumstances of the charge have been read and fully explained to the inmate. |
| ☑ YES | ☐ NO | The opportunity to have the inmate's version reported as part of the record was given. |
| ☑ YES | ☐ NO | The inmate has been advised that within 15 days a request for a formal review may be submitted and that this request must contain specific reasons for the review. |

NONE

SEE APPENDICES
☐

NAME(S) OF HEARING EXAMINER/COMMITTEE
(TYPED OR PRINTED)

JOHN ANDRADE (21)

Hearing Report and all appended information must be signed. Signature indicates finished report with appendices.

SIGNATURE OF HEARING EXAMINER/COORDINATOR

VIOLATION, ISSUE #(2) HARRASSMENT AND DISCRIMINATION

WITH

EXHIBIT

1.) In the months of October and November, I suffered humiliation, discrimination, and pain.

A.) One day I asked officer Zielinski to open my door. He told me to 'bend over, then he would open it". This is a 'sexual comment'. Witness; CK-9342, Mr. Bullett.

B.) ON a Saturday, while I was cleaning my cell, officer Zielinski told me to get in my cage; although, my floor was still wet. He was insinuating that I was an animal. Witness: Michael Robinson, DM-0560, and Ralph Munt, DW-9491.

C.) One day I was sick. I pushed my call button for over a half hour, but the officer would not open my door. I had inmates go to him to let him know that I was sick. He told them that he was aware of my call and continued to do his paper work. When it was time for him to be relieved, he told the relief officer not to open my door. When he came back from his break he opened my door. I asked him why he did not open my door. He said just tell me what it is that I want. I explained to him that I was sick. He told me to sit. I did, but he continued doing his paperwork. About ten minutes later he called. The medical department requested that he send me down right away. When I was examined my blood pressure was so high that the doctor had to give me extra medication. When I came back I asked officer Zielinski for the proper spelling of his name and the officer that who relieved him. He gave me the wrong spelling of his name and the wrong officer name. I have enclosed the name he gave me with his hand writing. The date that this happened was 11/4/99 or 11/5/99, the time was 9:30 to 10:15am. Witness: Montrell Stonewall, DM-7037 and Willie Ortiz, DL-9807.

D.) When I come from activities, he makes me post by my cell for five to ten minutes. He tells me just stay posted until he decides to let me in. He is trying to provoke me.

E.) Officer Zielinski treats the inmates like children and when someone does say something back, he threatens them with a misconduct. Witness: All inmates on the block of F1.

F.) One day I asked officer Zielinski if I could work in the laundry room, he said he did not allow blacks to work in there because they steal. Witness; Bernard Fielding, CC-5865.

G.) When I spoke with Mr. Munt, DW-9491, about what happened on the Saturday that officer Zielinski told me to get in my cage, he informed me about an experience he had with officer Zielinski. He told me that officer Zielinski took something from him but when everyone was locked up he called him out and gave it back to him and said if he was a nigger he would not have given it back to him.

H.) My wife comes to see me every Sunday, but this particular Sunday she was late. I asked officer Zielinski if I could use the phone to call her. He responded by saying she was not home, because she was at his house. This is degrading.

I.) There was another inmate who was suffering from an illness, officer Zielinski prolonged opening his door. Witness: Montrell Stonewall; DM-7037.

J.) Officer Zielinski tells everyone that he runs the block and there is no one who can change the way he runs it. Witness: All inmates on F1 block.

K.) I received a visit, one Sunday officer Zielinski did not call me for over a half hour. I was standing at the door when the phone rang. I asked the officer in the visiting room what time did he call to my block, he said about 45 minutes ago.

L.) On 9/1/99 officer Zielinski gave me a misconduct for breaking cell restriction. Although, the cell restriction was over for two days. I asked him why did he give me a misconduct. He said an officer called him and said I was on cell restriction. I said to him, "How could someone call you and tell you I am on cell restriction when you are my block officer? Moreover, why did you not ask me before you wrote me up?" He said, "Just go to your cell and explain it to the hearing examiner." I went to the hearing on 9/3/99. It was discharged, but remains on my record.

M.) I am only presenting this matter because my health can not sustain this abuse any longer. I have become ill because of this harassment, humiliation, and discrimination.

N.) Today, 11/23/99 I was in my cell. Officer Zielinski hit my cell door when I came out he said to me, "Hah, I see I'm getting you trained like an animal."

O.) When I use the phone Officer Zielinski, tell's me to turn around so he do not have to see my face or here my Voice.
This intimidation and Racism overt actions is nothing else but degrading and very unprofessional behavior.
Witness: Demon, AM-6617

P.) On November,27,1999, Thanksgiving Day, Officer Zielinski, did not open my cell door until everyone else was out.
He opened up all of the other doors except mines.
This deprived me of participating in the activity that I would have choosing,.
When Officer Zielinski did open my door. I asked him why he did not open my cell door with everyone else.
He stuffed paper in his ears and not say anything.
Witness: David Brown, DT-5135

Q.) This Officer and others are not presenting their selves as Correctional Officers, but whether as White Supremacist.

**JOHN MYERS**, MEMBER
305 SOUTH OFFICE BUILDING
HOUSE BOX 202020
HARRISBURG, PENNSYLVANIA 17120-2020
PHONE: (717) 787-3181
FAX: (717) 783-6724

5847 GERMANTOWN AVENUE
PHILADELPHIA, PENNSYLVANIA 19144
PHONE: (215) 849-6896
PHONE: (215) 849-6592
FAX: (215) 560-1824

COMMITTEES

AGRICULTURE & RURAL AFFAIRS
LIQUOR CONTROL
INTERGOVERNMENTAL AFFAIRS
POLICY

PA LEGISLATIVE BLACK CAUCUS
REGIONAL WHIP – PHILADELPHIA
DELEGATION



## House of Representatives

COMMONWEALTH OF PENNSYLVANIA
HARRISBURG

January 31, 2000

Mr. Frank D. Gillis
Superintendent
SCI-Coal Township
One Kelley Drive
Coal Township, Pa. 17866-1027

Dear Superintendent;

    This letter is in response to several letters this office has received from Mr. Brady Davis, BX-3685, and an inmate at SCI-Coal Township.

    Mr. Davis has expressed concerns about harassment from C.O. Zielinski. Mr. Davis has sent me a copy of the letter he has sent to you (enclosed) in which he has named certain witnesses. There is also a concern that those named will receive some type of retaliation. I have assured Mr. Davis that I did not believe that was a standard practice at your facility; however, to put him at ease I agreed to ask you to keep me abreast of the investigation.

    Mr. Davis has also stated that he is not receiving his proper medical services and a lack of concern for the inmates from Mrs. Kandis Dascani, the grievance coordinator. Mrs. Dascani was contacted after a visit from Mrs. Davis, and she stated that she was not aware, at that time of a grievance from Mr. Davis but had no problem looking into the matter.

    I am hopeful that this matter will be looked into and some conclusion reached. Please feel free to contact my Administrative Assistant, Mr. Larry Simmons with any questions, or conclusions.

Thank you in advance for your consideration and any assistance you can render in this matter.

Respectfully;

John Myers
201st Legislative District

## LIST

1. Martin F. Horn
Corrections Secretary
Department of Corrections
2520 Lisburn Rd.
P.O. Box 598
Camp Hill, PA 17001-0598

2. Frank D. Gillis
Superintendent
SCI-Coal Township
One Kelley Drive
Coal Township, PA 17866-1027

3. Mrs. Nan McVaughn
Prison Society
Phone number is (215) or (610) 855-9814
Please call her to get her address.

4. Larry Simmons
Legislative Assistant
5847 Germantown Ave.
Philadelphia, PA 19144

5. Joan Gauker, Graterfriends
Managing Editor
541 Swede St.
Norristown, PA  19401

6. Angus Love
Lawyer for all prisoners
924 Cherry St.
Suite 523
Philadelphia, PA 19107

7. NAACP
Jerome Mondsesire
1514 Cecil B. Moore Ave.
Philadelphia, PA 19121

Subject: Harrassment
To: Larry Simmons, Legislative Assistant
From: Brady Davis, BX-3685

Dear Larry,

    I hope when this letter reaches you it will find you in the best of health. Larry, I am sending you this information for you to forward it to all the parties listed, because the grievance coordinator here will not address any issues concerning inmates. She will only send it to the unit manager, who is a friend of the officer.

    I have experienced this and so have others. I need you to send a letter requesting for the Superintendent to make sure that no one in this complaint be retaliated against. Let him know if there is, your Office will investigate it to the fullest.

    I need you to explain in your letter that I should not be moved because of this Officers misbehavior. I have been on this block since I have been back in this Jail!

    Please send me a copy of your letter and send one to all parties listed, with their copies.

                                 YOURS TRULY

*Brady Davis*
S.C.I. COALTOWNSHIP
1. Kelley Drive, COALTOWNSHIP
PA 17866-1021

**DC-804**
**PART 1**

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
P.O. BOX 598
CAMP HILL, PA. 17001-0598

1 of 2

**OFFICIAL INMATE GRIEVANCE**                                    **GRIEVANCE NO.**

| TO: GRIEVANCE COORDINATOR | INSTITUTION | DATE |
|---|---|---|
| MRS. KANDIS K. DASCANI | S.C.I. COALTOWNSHIP | 12-2-99 |

| FROM: (Commitment Name & Number) | INMATE'S SIGNATURE |
|---|---|
| BRADY DAVIS, BX-3585 | |

| WORK ASSIGNMENT | QUARTERS ASSIGNMENT |
|---|---|
| SCHOOL | F-1-1019 |

**INSTRUCTIONS:**
1. Refer to the inmate handbook Page 12 and DC-ADM 804 for information on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. Next, you are required to list in Block B the specific actions you have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Brief, clear statement of grievance:

On 12-1-99, I was scheduled for Podiatry Treatment because

I'm diabetic. I did not attend to school nor any other activity.

Because officer Zielinski said I could not participate in any act-
ivity wh

ivity when on call out sheet. At 10:20 officer Zielinski open my

door. At 10:27 he gave me my pass, I went to medical. I arrived

there at 10:30 and was told that the doctor had left. I've been

having numerous of problems with officer Zielinski. The same day

I had signed up to make a phone call at 8:00 a.m.. I pushed my

call button at 8:00 a.m., but he did not open it until program

services was called at 8:15 a.m.. I asked him could he look at

the phone list to see what time I was signed up for, he looked.

SEE: ATTACHED DOCUMENTS ON ISSUES PAGE ONE AND TWO

B. Actions taken and staff you have contacted before submitting this grievance:

Your grievance has been received and will be processed in accordance with DC-ADM 804.

Signature of Grievance Coordinator                                    Date

**DC-804**
**PART 1**

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
P.O. BOX 598
CAMP HILL, PA. 17001-0598

*2 of 2*

**OFFICIAL INMATE GRIEVANCE**                    GRIEVANCE NO.

| TO: GRIEVANCE COORDINATOR | INSTITUTION | DATE |
|---|---|---|
| **MRS. KANDIS K. DASCANI** | **S.C.I. COALTOWNSHIP** | **12-2-99** |

| FROM: (Commitment Name & Number) | INMATE'S SIGNATURE |
|---|---|
| **BRADY DAVIS, BX-3685** | |

| WORK ASSIGNMENT | QUARTERS ASSIGNMENT |
|---|---|
| **SCHOOL** | **F-1-1019** |

**INSTRUCTIONS:**
1. Refer to the inmate handbook Page 12 and DC-ADM 804 for information on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. Next, you are required to list in Block B the specific actions you have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Brief, clear statement of grievance:

and said I signed up for 6:00 p.m.. When I was able to see the

phone list some one had erased my name and place it on 6:00 p.m..

I'm requesting for the phone list for 12-1-99, to be held for

evidence to see if officer Zielinski hand writting was the one

that altered my time.  My State Representitive is handling this

matter of harassment.  Yourwill receive a copy of that complaint

from their office.  This officer is out of control.  He has also

denied me of my diabetic treatment.

     I would like forrthis matter to be resolved or I am tempted

to turn this over to the courts,  Thank You...

B. Actions taken and staff you have contacted before submitting this grievance:

I spoke to Capt. Mushinski and there were no action taken that I

have knowledge of of Capt. Mushinski nor anyone else...

Your grievance has been received and will be processed in accordance with DC-ADM 804.

Signature of Grievance Coordinator                              Date

*31*

**DC-804**
'PART II'

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
**P.O. BOX 598**
**CAMP HILL, PA 17011**

**OFFICIAL INMATE GRIEVANCE**
**INITIAL REVIEW RESPONSE**

GRIEVANCE NO. # 0686-99

| TO:    (Name & DC No.) | INSTITUTION | QUARTERS | GRIEVANCE DATE |
|---|---|---|---|
| Brady Davis BX-3685 | SCI-Coal Twp. | RHU | 12/23/99 |

The following is a summary of my findings regarding your grievance:

You have included several issues within the grievance.  They will be addressed in the same order as presented.

First, on 12/1/99, you were on the medical call out.  Officer Zielinski states he received a telephone call from the Medical Department between 0955 and 1000 hours to send you down, your door was opened and you were notified.  He also states it took you between 20-25 minutes to leave the cell.  There are several notations on your quarters card about you being slow to respond.  Officer Zielinski states on this date he told you twice about taking your time.  It appears you lost the opportunity to see the doctors due to your own tardiness.

Second, you complain on the same day you were not let out of your cell until 0815 for a 0800 telephone call.  Yet, you acknowledge your name was in the 1800 hour slot.  The officer did not have to let you out at all.  You accuse Officer Zielinski of changing the telephone sign up sheet, without any evidence. The telephone sign up sheets are available at the officers station all evening with all one hundred and twenty plus inmate having access, yet you choose to accuse the Officer.  Furthermore, you are allowed a telephone call.  You make the exact same complaint for 12/2/99 and 12/3/99 and in each case the Officer allowed you to use the telephone.  It appears Officer Zielinski is being more than fair with you.   You are also aware that at 0800 the Unit Officer is extremely busy since work lines, school lines and program services are all leaving the unit.  Furthermore, I have personal knowledge that your assertion on 12/3/99, is incorrect since you were on the telephone when I arrived on the Unit about 0810, therefore you were out of your cell prior to 0815 as you claim.

Your next contention appears to be that you were harassed during the telephone call of 12/3/99.  While talking on the telephone, you were making comments that were being directed to Officer Zielinski and the Unit Manager at the officers station.  Officer Zielinski did tell you to turn around and face down range because we did not want to listen in on your conversation although you were being loud.  You had to be told a second and third time before you complied and each time you challenged the Officer by yelling.   You quarters card has a previous notation about your inappropriate telephone conduct.  Neither Officer Zielinski nor Mr. Grover had anything to do with the misconduct that resulted in you RHU placement.

Continued:

| Refer to DC-ADM 804, Section VIII, for instructions on grievance system appeal procedures. | SIGNATURE OF GRIEVANCE COORDINATOR<br><br>*L.P. Grover*<br>L. D. Grover, Unit Manager   KPO | DATE<br><br>12-14-99 |

**DC-804**
PART II

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
**P.O. BOX 598**
**CAMP HILL, PA 17011**

**OFFICIAL INMATE GRIEVANCE**                     GRIEVANCE NO. # 0686-99
**INITIAL REVIEW RESPONSE**

| TO:   (Name & DC No.) | INSTITUTION | QUARTERS | GRIEVANCE DATE |
|---|---|---|---|
| Brady Davis BX-3685 | SCI-Coal Twp. | RHU | 12/23/99 |

The following is a summary of my findings regarding your grievance:

Continued:

Twice within this grievance you state Officer Zielinski denied you medical
treatment. This is completely false. You missed the doctor on 12/1/99, through
you own actions but you were seen by Medical on 12/2/99 and given a new med pass
and diet card. You were also seen on 12/3/99 and given a blood sugar test. It
is noted you have a habit of coming out late for med lines.

The investigation indicates your grievance is totally unfounded. If anything
this investigation indicates the Unit personnel, including Officer Zielinski
have been very tolerant and attempted to accommodate your needs.

LDG/cd

Cc:  Mrs. Dascani
     L. D. Grover
     Officer Zielinski
     DC-15
     DC-14
     Brady Davis (BX-3685)

| Refer to DC-ADM 804, Section VIII, for instructions on grievance system appeal procedures. | SIGNATURE OF GRIEVANCE COORDINATOR  *L. D. Grover*  L. D. Grover, Unit Manager | DATE  12-14-99 |
|---|---|---|

VIOLATION, ISSUE #(3) MISCONDUCT #841989

WITH    REWROTE

EXHIBIT  842000

# FACTS

## MISCONDUCT # 841989
## REWROTE
## 842000

1.  On 12-2-99, plaintiff submitted a grievance to the
grievance coordinator, Mrs. Dacani; she forwarded it to the Unit
Manager, Mr. Grover, who plaintiff had complained to and never
received assistance on the matter with Officer Zielinski.
However, when he received the reply, Mr. Grover did nothing but
present the officer with condanation, although the grievance
exhibit the officer had been extremely harassive, but Mr. Grover
refused to extricate.

2.  On 12-3-99, plaintiff received a misconduct, and all
plaintiff did was call his wife and explained to her that he
was not receiving his proper medical treatment.  He asked her
to call his State Representative, and have him call up to the
prison to find out if he could get it corrected.  The unit
manager heard him say that to his wife, and so did Officer
Zielinski.  Officer Zielinski started to scream at plaintiff
while his wife was on the other end.  She asked plaintiff who
was screaming, he said the guard.  Because plaintiff had submit-
ted a complaint to his State Representative on Officer Zielinski,
and his wife took the complaint to the State Representative's
office, she knew who plaintiff was referring to when he said
you have his name and everything and make sure when the State
Representative calls tell him to let the Superintendent know
that during the time that the officer was screaming, the unit
manager was there and did nothing to correct the officer.
The unit manager looked at plaintiff in a vengeful manner.
Five minutes later, plaintiff was arrested.

3. The phone monitor said he threatened an employee or his family. However, the misconduct don't have anyone in it, that plaintiff is supposed to have threatened.

4. He was immediately taken to isolation 12-3-99 and did not receive a misconduct for three days. Which is a violation of the D.O.C. which states that an inmate who is detained in isolation must receive the misconduct in three hours. "Violation Due Process."

5. On 12-8-99, plaintiff was scheduled for a hearing, but was not called. However, the misconduct was discharged without his presence. Plaintiff received paperwork showing there was a hearing. "Violation Due Process."

6. After the charge was dismissed, they still did not release plaintiff. When the D.O.C. states if an inmate have a misconduct hearing within (6) days after receiving misconduct and the misconduct is discharged, he is to rejoin regular population. He was not, in fact, they kept him until 12-16-99, and gave him another hearing, and found him guilty without any evidence. Plaintiff requested for the taped conversation and that request was refused. Without that, there is no evidence, so how could plaintiff be adjudged guilty without some evidence? And as much at no time did plaintiff say he was going to do something to someone nor did it say in the report that he was going to do something to someone. So how was he adjudged guilty for threatening someone?

7. On 12-17-99, plaintiff appealed to the Program Review Committee. They sustained the hearing examiner's decision without reviewing the tape. With the information that plaintiff submitted concerning the tape being edited.

8. On 12-29-99, plaintiff appealed to the Superintendent. He sustained without listening to the taped conversation and with the information from P.R.C.

9.  On 1-22-2000, plaintiff received the reply from the final review.  He sustained the Superintendent's decision.  With all the information from all levels.


Plaintiff, have suffered magnanimous through all the events that have occured, as much, so have his family.  These actions were very unporfessional.


"RELIEF REQUESTED"

Wherefore, plaintiff requests that the court grant the following:

(A)  Issue a declaratory judgment stating that:

1.  The harassment and discrimination that plaintiff suffered from Officer Zielinski and Unit Manager Grover violated plaintiff's Fourteenth, First, and Eighth Amendments of the United States Constitution.  Award punitive damages in the following amount $55,000 each.

2.  Issue an injunction ordering defendant Gillis, Superintendent, to release plaintiff immediately from isolation with damages of punitive of $50,000 for violating Eighth and Fourteenth Amendments.

3.  Issue punitive damages of $25,000 each for P.R.C. M.P. Corbacio, J. Sommers, K. Tripp and K. Dascani.

4.  Issue punitive damages of $50,000 each for Hearing Examiners Maresca and K.L. Breon for violating plaintiff's Eighth and Fourteenth Amendments.

5.  Issue punitive damages of $50,000 for Chief Hearing Examiner for violating plaintiff's Eighth and Fourteenth Amendments.

6.  Issue punitive damages of $25,000 for Officer Fox for violating plaintiff's Eighth and Fourteeth Amendments.

7.  Issue punitive damages of $50,000 for K.L. Breon Hearing Examiner for violating plaintiff's Eighth and Fourteenth Amendments.

8.  Grant such other relief as it may appear that plaintiff is entitled.



RESPECTFULLY SUBMITTED,


*Brady Davis*

BRADY L. DAVIS


DATE:  2-16-2000

## CERTIFICATE OF SERVICE

I, Brady Davis, declare that I have the attached hereto and hereof, as above stated, in the verification to be delivered to the following addresses, postage prepaid regular mail, by placing same in the United States Mail at S.C.I. Coal Township, PA  17866.  Same being addressed as follows

*Brady Davis*

Brady L. Davis

Date: 2-16-2000

Correctional Officer, Fox
1 Kelley Drive
Coal Township, PA 1766-1021

Unit Manager, L. Grover
1 Kelley Drive
Coal Township, PA 17866-1021

Correctional Officer, Zielinski
1 Kelly Drive
Coal Township, PA 17866-1021

P.R.C., Kandis K. Dascani
1 Kelly Drive
Coal Township, PA 17866-1021

P.R.C., Jack Summers
1 Kelley Drive
Coal Township, PA 17866-1021

P.R.C., Michael Corbacio
1 Kelly Drive
Coal Township, PA 17866-1021

P.R.C., Keith Tripp
1 Kelley Drive
Coal Township, PA 17866-1021

Warden Frank D. Gillis
1 Kelley Drive
Coal Township, PA 17866-1021

Correctional Officer, Henning
1 Kelly Drive
Coal Township, PA 17866-1021

Hearing Examiner, Maresca
1451 N. Market Street
Elizabethtown, PA 17022

Chairmen Heating Examiner, Robert S. Bitner
1451 N. Market Street
Elizabethtown, PA 17022

FORM **DC-141**    PART II B
Rev. 6-84
DISCIPLINARY HEARING REPORT

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

| DC Number | Name | Institution | Hearing Date | Hearing Time | No. from PART I |
|---|---|---|---|---|---|
| BX-3685 | DAVIS, BRADY | SCICT | 12-16-99 | 0955 | 841989 |

| INMATE PLEA | ☐ Guilty    ☐ No Plea  ☑ Not Guilty    ☐ Other | Verdict | ☑ Guilty  ☐ Not Guilty |
|---|---|---|---|

**HEARING ACTION**

CHARGES #1n.

**FINDINGS OF FACT, VERDICT, AND SANCTIONS IMPOSED**

pleads not guilty #1n

Inmate Davis submitted a written version
Hex believes The officer's report over inmate
Davis denial. Hex believes at approximately
0812 hours on 12/8/99 Co. Huning was monitoring
F.A. unit phone #3. Hex believes Davis was heard
stating, "Listen, you call right now and get the
shit corrected today, because if you don't
something else is gonna happen. I'm telling you right
now!" Hex believes the woman Davis was talking
to was Juanita. Hex notes phone records verify
Davis was talking to his wife, Juanita Davis.
Hex then believes Juanita stated, "With that Guard
and Davis stated, "Yeah, you have his name and
everything, because if you don't do it. I swear
something is gonna happen." Hex then believes

| | | |
|---|---|---|
| ☑ YES    ☐ NO | The inmate has heard the decision and has been told the reason for it and what will happen. | Inmate Davis |
| ☑ YES    ☐ NO | The circumstances of the charge have been read and fully explained to the inmate. | Phone List |
| ☑ YES    ☐ NO | The opportunity to have the inmate's version reported as part of the record was given. | Phone Report for ☐ |
| ☑ YES    ☐ NO | The inmate has been advised that within 15 days a request for a formal review may be submitted and that this request must contain specific reasons for the review. | SEE APPENDICES 12-11-99 ☐ on Davis wr. ten version |

| NAME(S) OF HEARING EXAMINER/COMMITTEE (TYPED OR PRINTED) | Hearing Report and all appended information must be signed. Signature indicates finished report with appendices. |
|---|---|
| MS MARESCA                    41 | _n. maresca_ SIGNATURE OF HEARING EXAMINER/COORDINATOR |

 

| FORM DC-141   PART II B | COMMONWEALTH OF PENNSYLVANIA | | | | |
|---|---|---|---|---|---|
| Rev. 6-84 | DEPARTMENT OF CORRECTIONS | | | | |
| DISCIPLINARY HEARING REPORT | | | | | |

| DC Number | Name | Institution | Hearing Date | Hearing Time | No. from PART I |
|---|---|---|---|---|---|
| BX3685 | Davis Brady | SCICT | 12-16-99 | 0955 | 841989 |

| INMATE PLEA | ☐ Guilty  ☐ No Plea  ☑ Not Guilty  ☐ Other | Verdict | ☑ Guilty  ☐ Not Guilty |
|---|---|---|---|

**HEARING ACTION**

CHARGES  # 1n

**FINDINGS OF FACT, VERDICT, AND SANCTIONS IMPOSED**

Co Hinning called FA and verified that in fact Davis was on phone #3 . A T-Netix computer check for the revealed that Pin # 999238 was being used on Phone #3 at 0812 hours and Pin #999238 was (issued) to Davis.

I to believer Davis statement "I swear something in general happen" constitutes a Thinly veiled threat

Guilty #1n
Sanction:
60 Days
D.C
40b 12-3-99

| ☑ YES | ☐ NO | The inmate has heard the decision and has been told the reason for it and what will happen. | |
|---|---|---|---|
| ☑ YES | ☐ NO | The circumstances of the charge have been read and fully explained to the inmate. | |
| ☑ YES | ☐ NO | The opportunity to have the inmate's version reported as part of the record was given. | SEE APPENDICES ☐ |
| ☑ YES | ☐ NO | The inmate has been advised that within 15 days a request for a formal review may be submitted and that this request must contain specific reasons for the review. | |

| NAME(S) OF HEARING EXAMINER/COMMITTEE (TYPED OR PRINTED) | Hearing Report and all appended information must be signed. Signature indicates finished report with appendices. |
|---|---|
| N. MARESCA    42 | *N. Maresca* SIGNATURE OF HEARING EXAMINER/COORDINATOR |

FORM **DC-141**    **PART I**    **COMMONWEALTH OF PENNSYLVANIA**

Rev. 6-84

☒ **MISCONDUCT REPORT** ☐ **OTHER**    **DEPARTMENT OF CORRECTIONS**    841989

| DC Number | Name | Institution | Incident Time 24 Hr. Base | Incident Date | Date of Report |
|---|---|---|---|---|---|
| Bx-3685 | Davis, Ready | Scict | 0812 | 12/3/99 | 12-11-99 |

| Quarters | Place of Incident |
|---|---|
| FA-101 HD-1001 | F-A Phone #3 |

**OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR W)**

| DC Number | Name | I | W | DC Number | Name | I | W |
|---|---|---|---|---|---|---|---|
| STAFF | Co# Zielinski | | X | | | | |
| | | | | | | | |
| | | | | | | | |

**MISCONDUCT CHARGE OR OTHER ACTION**

Class 1, Category A, 1.N - Threatening an Employee or their Family with Bodily Harm.

**STAFF MEMBER'S VERSION**

This misconduct being rewritten due to Inappropriate charge.

On 12/3/99 at approximately 0812 Hrs, I officer Henning was monitoring F.A unit Phone #3. Inmate Davis Bx-3685 stated, "Listen you call him Right now and get the shit corrected Today, because if you don't something else is gonna Happen I'm Tellin you Right Now!" The Lady Davis was Talking to who he called Juanita stated, "With This Guard". Davis stated "Yeah, You have His Name and Everything, Because If you Don't Do it, I swear to God Something's gonna Happen."

I called F.A unit To verify who was on Phone #3, Co' Zielinski stated Davis - Bx-3685.

A T-Netix Computer check revealed that Ipin #999238 was being on Phone #3 at 0812. This Ipin # was issued to A Davis Bx-3685.

**IMMEDIATE ACTION TAKEN AND REASON**  misconduct is Warranted - Confine - Continued present status "Active" pending Hearing Examiner's results.

| PRE-HEARING CONFINEMENT | | | |
|---|---|---|---|
| | **IF YES** | | |
| ☒ YES | **TIME** 0845 | **DATE** 12-3-99 | **FORMS GIVEN TO INMATE** ☒ REQUEST FOR WITNESSES AND REPRESENTATION    ☒ INMATE'S VERSION |
| ☐ NO | | | |

| REPORTING STAFF MEMBER SIGNATURE AND TITLE | ACTION REVIEWED AND APPROVED BY. RANKING C.O. ON DUTY    SIGNATURE AND TITLE | DATE AND TIME INMATE GIVEN COPY | |
|---|---|---|---|
| Co. Henning 4B- | J.F. Smith  Co1 | **DATE** 12-11-99 | **TIME 24 HOUR BASE** 1315 |

| YOUR HEARING MAY BE SCHEDULED ANY TIME AFTER | | Misconduct Category | Signature of Person Serving Notice |
|---|---|---|---|
| **DATE** 12-13-99 | **TIME** 0800 | (43)  ☒ CLASS I  ☐ CLASS 2 | Co1 Lengle |

**NOTICE TO INMATE**

You are scheduled for a hearing on this allegation on the date and the time indicated or as soon thereafter as possible. You may remain silent, if you wish. Anything you say will be used against you both at the misconduct hearing and in a court of law if this matter is referred for criminal prosecution. If you choose to remain silent, the hearing committee/examiner may use your silence as evidence against you. If you indicate that you wish to remain silent, you will be asked no further questions. If you are found guilty of a Class I misconduct, any pre-release status you have will be revoked.

FORM DC-141    PART II B    COMMONWEALTH OF PENNSYLVANIA
Rev. 6-84
DISCIPLINARY HEARING REPORT    DEPARTMENT OF CORRECTIONS

| DC Number | Name | Institution | Hearing Date | Hearing Time | No. from PART I |
|-----------|------|-------------|--------------|--------------|-----------------|
| BX3685 | Brandy Davis | SCICT | 12-8-99 | 0921 | 842000 |

| INMATE | ☐ Guilty | ☐ No Plea | Verdict | ☐ Guilty |
|--------|----------|-----------|---------|----------|
| PLEA | ☐ Not Guilty | ☐ Other | | ☐ Not Guilty |

**HEARING ACTION**

CHARGES    Class I Cat 3 #3

**FINDINGS OF FACT, VERDICT, AND SANCTIONS IMPOSED**

Dismiss without Prejudice

| | | |
|---|---|---|
| ☑ YES | ☐ NO | The inmate has heard the decision and has been told the reason for it and what will happen. |
| ☑ YES | ☐ NO | The circumstances of the charge have been read and fully explained to the inmate. |
| ☑ YES | ☐ NO | The opportunity to have the inmate's version reported as part of the record was given. |
| ☑ YES | ☐ NO | The inmate has been advised that within 15 days a request for a formal review may be submitted and that this request must contain specific reasons for the review. |

SEE APPENDICES ☐

NAME(S) OF HEARING EXAMINER/COMMITTEE
(TYPED OR PRINTED)

N. MARESCA    (94)

Hearing Report and all appended information must be signed. Signature indicates finished report with appendices.

N. maresca
SIGNATURE OF HEARING EXAMINER/COORDINATOR

(3)

FORM DC-141    PART I    COMMONWEALTH OF PENNSYLVANIA
Rev. 6-84
☒ MISCONDUCT REPORT ☐ OTHER    DEPARTMENT OF CORRECTIONS                    842000

| DC Number | Name | Institution | Incident Time 24 Hr. Base | Incident Date | Date of Report |
|---|---|---|---|---|---|
| BX-3685 | DAVIS BRADY | SCI-CT | 0811 | 12/3/99 | 12/6/99 |

| Quarters | Place of Incident |
|---|---|
| FA 1019-1 | F-A- PHONE # 3 |

## OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR W)

| DC Number | Name | I | W | DC Number | Name | I | W |
|---|---|---|---|---|---|---|---|
| STAFF | C.O.I Zielinski | | X | | | | |

## MISCONDUCT CHARGE OR OTHER ACTION

Class 1, Category B #3 Threatening Another Person.

## STAFF MEMBER'S VERSION

Reason why the misconduct was written on this Date was Due to the fact of gathering Information for the Investigation on 12/3/99 at Appox. 0811 Hrs, I officer Hearing was Monitoring FA unit Phone # 3 when Inmate Davis Bx3685 STATED, "Listen you call wright Now and get this shit Corrected Today, because If you dont, something else" is gonna Happen, Im Tellin you wirte Now!" The Lady Davis was talking to state), "with This Guard" Davis STATED "YEAH!, you Have His Name & Everything Because if you dont do it, I swear to God something's Gonna Happen"

This officer called FA unit to verify who was on Phone FA#03, C.O.I Zielinski stated Davis Bx-3685.

A T-Netix Computer check revealed that Ipin #999238 was being used on Phone # 3 at 0811, This Ipin # was issued to as Davis Bx-3685

## IMMEDIATE ACTION TAKEN AND REASON    Continue Current Housing in L-5 Unit
AC Temp Status Pending Disposition of Misconduct.
PRE-HEARING CONFINEMENT    Hold For Hearing Examiner.

|  | IF YES |  |
|---|---|---|
|  | TIME | DATE |
| ☐ YES | | |
| ☒ NO | | |

FORMS GIVEN TO INMATE
☒ REQUEST FOR WITNESSES AND REPRESENTATION    ☒ INMATE'S VERSION

| REPORTING STAFF MEMBER SIGNATURE AND TITLE | ACTION REVIEWED AND APPROVED BY RANKING C.O. ON DUTY    SIGNATURE AND TITLE | DATE AND TIME INMATE GIVEN COPY |
|---|---|---|
| HEARING | | DATE 12-6-99 | TIME 24 HOUR BASE 1215 |

| YOUR HEARING MAY BE SCHEDULED ANY TIME AFTER | | Misconduct Category | Signature of Person Serving Notice |
|---|---|---|---|
| DATE 12-8-99 | TIME 0800 | ☒ CLASS 1  ☐ CLASS 2 | KRZYKOWSKI C.O.I |

## NOTICE TO INMATE

You are scheduled for a hearing on this allegation on the date and the time indicated or as soon thereafter as possible. You may remain silent, if you wish. Anything you say will be used against you both at the misconduct hearing and in a court of law if this matter is referred for criminal prosecution. If you choose to remain silent, the hearing committee/examiner may use your silence as evidence against you. If you indicate that you wish to remain silent, you will be asked no further questions. If you are found guilty of a Class I misconduct, any pre-release status you have will be revoked.

**DC-141  PART III**
PROGRAM REVIEW COMMITTEE ACTION
☒ Misconduct Appeal ☐ Periodic Review ☐ Other

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

| DC Number | Name | Institution | Date of Review | No. from PART I |
|-----------|------|-------------|----------------|-----------------|
| BX3685 | Davis Brady | COAL | 27 Oct 99 | 841989 |

PROGRAM REVIEW COMMITTEE'S DECISION AND ITS RATIONALE

P.R.C. reviewed Mr. _Davis_ 's misconduct appeal # _841989_ .

On _12-3-99_ , he received a misconduct for _CI-1 CAT A IN_

_____

On _12-16-99_ , he was found guilty of _THE CHARGE_

The sanction was _60 DAYS D.C_

_____ . Mr. _Davis_ appealed in the following area(s):

A. The Procedures Employed were Contrary to Law, Administrative
   Directive 801, or to the ICU Consent Decree.
B. The Punishment was Disproportionate to the Offense.
Ⓒ The Evidence was Insufficient to Support the Decision.

P.R.C. Decision

   UPON REVIEW OF APPEAL 841989 PRC SUSTAINS
   THE DECISION OF THE HEARING EXAMINER.

   THE FINDING OF FACT MADE BY THE EXAMINER
   ARE AMPLY SUPPORTED BY EVIDENCE PRESENTED
   AT YOUR HEARING.

**DECISION RELATIVE TO HEARING COMMITTEE'S VERDICT**

☐ Not Applicable   ☒ Sustain   ☐ Sustain-Amend   ☐ Refer Back For Further Study   ☐ Exonerate Inmate

| Names of Program Review Committee Members | Signatures | Date |
|-------------------------------------------|------------|------|
| A.P. Corrado CAM P | A.P.Corr | 27Oct99 |
| J. Sommers, CCPM | M Somm | 12/27/99 |
| Keith Brigham | 46 (#) Keith Brig | 12/27/99 |

**COMMONWEALTH OF PENNSYLVANIA**
**Department of Corrections**
**State Correctional Institution Coal Township**
(570) 644-7890
December 31, 1999

**SUBJECT:** Appeal to the Second Level
Misconduct 841989

**TO:** Brady Davis BX-3685
RHU

**FROM:** Frank D. Gillis
Superintendent

I have received your Request for Appeal to the Second Level of the
above-noted misconduct and I have reviewed the entire record related to
this matter.

As a result of this review, it is my determination that the action taken by
the Hearing Examiner at the Misconduct Hearing and by the Program
Review Committee as a result of your appeal to the first level is correct
and shall be sustained.

FDG/kp

cc:    DC-15
       File

1-5-2000
Brady Davis
BX-3685


SUBJECT:  Misconduct #841989, 842000

FROM:    Brady Davis, BX3685

TO:      Mr. Robert F. Bitner


Dear Mr. Bitner,

This is a appeal from the second level. First I like to inform you that this misconduct was dismissed, 842000, on 12-8-99, without me being there, which is a violation of due process. On 12-11-99, it was rewritten as 841989, in a different category. However, the hearing examiner did not acknowledge any of the violation that I presented. Nor was there any evident to contradict my version. I have requested every level to listening to the taped conversation, to see that the conversation was alter. It was edited to deceive. I have requested for this tape to be reserved for further hearing. In court I will show that I threatened no one! Because, at no time did I ever say I was going to do body harm to anyone. The report don't have any information saying I was going to harm someone. I have explained what the conversation was about. You can refer to the file's for the information that I submitted.

Thank you in advance!

*Brady Davis*


"COPY"

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
**1451 N. MARKET STREET**
**ELIZABETHTOWN, PA 17022**

**OFFICE OF THE**
**CHIEF HEARING EXAMINER**                  January 18, 2000

Brady Davis, BX-3685
SCI Coal Township

                                Re:    DC-ADM 801 - Final Review
                                       Misconduct Nos. 873892 and 841989

Dear Mr. Davis:

        This is in response to your appeal to final review of the above numbered misconducts.

        In accordance with DC-ADM 801, VI, I, 3, as amended effective November 1, 1997, I have reviewed the entire record of these misconducts including your appeals at the institution level and the issues raised to final review.

        In your appeal you raise no specific issue(s), but instead repeat your version of the events to support your claim of innocence. This, of course, is the same version the Hearing Examiner rejected in finding you guilty of these misconducts.

        An appeal is a review for error. It is not an opportunity to receive a new hearing on the merits. Findings of fact are made by the Hearing Examiner. On appeal, it is not the function of this office to second guess the Examiner, but only to determine whether the findings are clearly in the record. In your case, the findings made by the Examiner are amply supported by evidence presented at your hearings. Whether this office might reach a different result given the same evidence is not the issue. It is sufficient that the Examiner's findings are supported by some evidence to prevent this office from altering those findings on appeal.

        For the above-stated reasons, I conclude that the issues raised for appeal do not, as a matter of law, require any further action on these misconducts. Your appeal must, therefore, be denied.

                                Sincerely,

                                Robert S. Bitner
                                Chief Hearing Examiner

RSB:ph
pc:    Superintendent Gillis

2ND APPEAL / SUPERINTENDENT

**DC-141   PART II E**
MISCONDUCT HEARING APPEAL

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

| DC Number | Name | Institution | No. from PART I |
|---|---|---|---|
| BX-3635 | Brady Davis | Coal Township | 841989 |

99 DEC 31 AM 8:39

Office

I was found guilty of misconduct # ___841989___ on ___12-3-99___ (date) by the
Hearing Committee/Examiner, and I wish to appeal that decision on the following grounds:

Check Area(s) Involved

a. The procedures employed were contrary to law,
   Administrative Directive 801, or to the ICU
   Consent Decree;                                    ☐

b. The punishment is disproportionate to the offense;  ☐

c. The evidence was insufficient to support the decision.  ☒

Below is a brief statement of the facts relevant to my claim(s). It includes the identity of all
persons who may have information which may be helpful in resolving this matter.

I have submitted my information into
the appeal file, Please refer to it for all
information that is required for you to
see that I threaten no one!

"Superintendent"

"Mr. Gillis"                    Thank You!

Brady Davis