


Law Clerk's Copy

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRADY L. DAVIS, | : | |
| Plaintiff | : | No. 1:CV-00-0490 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| | : | |
| FOX, et al., | : | (Jury Trial Demanded) |
| Defendants | : | |

FILED
HARRISBURG, PA
JUL 3 1 2000
MARY E. D'ANDREA, CLERK
_____
Deputy Clerk

## ANSWER

Defendants Officer Fox, Officer Zielinski, Officer Henning, Hearing Examiner Breon, Hearing Examiner Maresca, K. Tripp, Kandis Dascani, Jack Sommers, Michael Corbacio, Unit Manager Grover, Superintendent Gillis, Chief Hearing Examiner Robert S. Bitner, through their attorneys, hereby answer the complaint as follows:

### FIRST DEFENSE

Preliminary Statement

The Preliminary Statement of the complaint states a conclusion of law to which no response is required.

Jurisdiction

1.  This numbered paragraph states a conclusion of law to which no response is required.

2.  This numbered paragraph states a conclusion of law to which no response is required.

3.  This numbered paragraph states a conclusion of law to which no response is required. To the extent it is deemed factual, it is ADMITTED that Officer Zielinski works at the State Correctional Institution at Coal Township ("SCI-Coal Township").

4. This numbered paragraph states a conclusion of law to which no response is required. To the extent it is deemed factual, it is ADMITTED that Officer Henning works at SCI-Coal Township.

5. This numbered paragraph states a conclusion of law to which no response is required. To the extent it is deemed factual, it is ADMITTED that Officer Grover works at SCI-Coal Township.

6. This numbered paragraph states a conclusion of law to which no response is required. To the extent it is deemed factual, it is ADMITTED that Hearing Examiner Breon works at SCI-Coal Township. The remainder of the averment is DENIED.

7. This numbered paragraph states a conclusion of law to which no response is required. To the extent it is deemed factual, it is ADMITTED that defendants Corbacio, Sommers, and Tripp work at SCI-Coal Township. .

8. This numbered paragraph states a conclusion of law to which no response is required. To the extent it is deemed factual, it is ADMITTED that Superintendent Gillis works at SCI-Coal Township.

9. This numbered paragraph states a conclusion of law to which no response is required. To the extent it is deemed factual, it is ADMITTED that Chief Hearing Examiner Bitner is an employee of the Pennsylvania Department of Corrections.

10. This numbered paragraph states a conclusion of law to which no response is required. To the extent it is deemed factual, it is ADMITTED that Defendant Dascani works at SCI-Coal Township.

11. This numbered paragraph states a conclusion of law to which no response is required. To the extent it is deemed factual, it is ADMITTED that Officer Fox works at SCI-Coal Township.

Claims for Relief pp 3-4

1. This numbered paragraph states a conclusion of law to which no response is required. To the extent it is deemed factual, it is DENIED.

2. This numbered paragraph states a conclusion of law to which no response is required. To the extent it is deemed factual, it is DENIED.

3. This numbered paragraph states a conclusion of law to which no response is required. To the extent it is deemed factual, it is DENIED.

4. This numbered paragraph states a conclusion of law to which no response is required. To the extent it is deemed factual, it is DENIED.

5. This numbered paragraph states a conclusion of law to which no response is required. To the extent it is deemed factual, it is DENIED.

6. This numbered paragraph states a conclusion of law to which no response is required. To the extent it is deemed factual, it is DENIED.

7. This numbered paragraph states a conclusion of law to which no response is required. To the extent it is deemed factual, it is DENIED.

8. This numbered paragraph states a conclusion of law to which no response is required. To the extent it is deemed factual, it is DENIED.

9. This numbered paragraph states a conclusion of law to which no response is required. To the extent it is deemed factual, it is DENIED.

VIOLATION, ISSUE # (1) MISCONDUCT # 867066 WITH REWROTE EXHIBIT 866470 pp.5-8[1]

3. ADMITTED.

4. This numbered paragraph states a conclusion of law to which no response is required. To the extent it is deemed factual, it is ADMITTED that Mr. Breon is a hearing examiner at SCI-Coal Township. The remainder of the averment is DENIED.

5. This numbered paragraph states a conclusion of law to which no response is required. To the extent it is deemed factual, it is ADMITTED that Officer Fox is a corrections officer at SCI-Coal Township. The remainder of the averment is DENIED.

6. This numbered paragraph states a conclusion of law to which no response is required. To the extent it is deemed factual, it is ADMITTED that Mrs. Dascani, Mr. Sommers, and Mr. Corbacio are members of the program review committee at SCI-Coal Township. The remainder of the averment is DENIED.

7. This numbered paragraph states a conclusion of law to which no response is required. To the extent it is deemed factual, it is ADMITTED that Superintendent Gillis is the superintendent at SCI-Coal Township. The remainder of the averment is DENIED.

8. This numbered paragraph states a conclusion of law to which no response is required. To the extent it is deemed factual, it is ADMITTED that Robert S. Bitner is the Chief Hearing Examiner at the Department of Corrections. The remainder of the averment is DENIED.

---

[1] This section of the complaint begins with paragraph number three (3).

9. This numbered paragraph states a conclusion of law to which no response is required. To the extent it is deemed factual, it is DENIED.

Facts

10. ADMITTED in part; DENIED in part. It is ADMITTED that on August 10, 1999, at approximately 9:45 a.m., Officers Fox and Richards conducted a random cell search on the cell occupied by plaintiff and inmate Anthony Savage, CJ-4805 and that cigarettes were found in plaintiff's wall locker. The remainder of the averment is DENIED.

11. ADMITTED in part; DENIED in part. It is ADMITTED that Officer Fox looked in the boxes under plaintiff's wall locker. The remainder of the averment is DENIED.

12. ADMITTED in part; DENIED in part. It is ADMITTED that plaintiff and Inmate Savage were standing outside looking into the cell. It is ADMITTED that *eight (8)* packs of cigarettes were found in a box. The remainder of the averment is DENIED.

13. ADMITTED in part; DENIED in part. It is ADMITTED that after searching the cell, plaintiff was given a confiscation slip for the items that were confiscated. It is DENIED that the officers left, that plaintiff asked why his name was on the confiscation slip, and that he was given a misconduct for asking for his cigarettes back. After reasonable investigation, defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averment. The remainder of the averment is therefore DENIED.

14. ADMITTED in part; DENIED in part. It is ADMITTED that plaintiff had a misconduct hearing and that Officer Richards testified. It is DENIED that Officer Richards testimony contradicted Officer Fox's misconduct report. It is ADMITTED that the matter was

-5-

dismissed without prejudice so that clarification could be obtained. It is further ADMITTED that plaintiff received a subsequent misconduct hearing on the clarified misconduct report. It is further ADMITTED that plaintiff was found guilty of a misconduct for having 38 packs of cigarettes in his possession. In both misconduct reports, plaintiff was cited for having 38 packs of cigarettes in his possession. With respect to the submission of a request slip to Captain McAnnaney and any discussion with him, defendants are without knowledge or information sufficient to form a belief as to the truth of that portion of the averment. That portion of the averment is therefore DENIED.

15. ADMITTED in part; DENIED in part. It is ADMITTED that plaintiff appealed to the program review committee and that he made arguments that he believed supported his appeal. However, excess commissary items are considered contraband, which is defined by policy. The remainder of the averment states conclusions of law to which no response is required. To the extent the remainder of the averment is deemed factual, it is DENIED.

16. ADMITTED in part; DENIED in part. It is ADMITTED that plaintiff appealed to the superintendent. The remainder of the averment is DENIED. Superintendent Gillis' response, which is on page 16 of the complaint, speaks for itself.

17. ADMITTED.

18. ADMITTED.

19. DENIED.

20. This numbered paragraph states a conclusion of law to which no response is required. To the extent it is deemed factual, it is DENIED.

-6-

VIOLATION, ISSUE #(2) HARASSMENT AND DISCRIMINATION WITH EXHIBIT

pp 22-25

1.  After reasonable investigation, defendants are without knowledge or information sufficient to form a belief as to the truth of the averment. The averment is therefore DENIED.

A.  ADMITTED in part; DENIED in part. It is ADMITTED that the plaintiff, like all prisoners, probably requested that his door be opened at some point. The remainder of the averment is DENIED.

B.  ADMITTED in part; DENIED in part. It is ADMITTED that Officer Zielinski routinely would direct inmates to reenter their cells after the floors were clean and before they were completely dry. The remainder of the averment is DENIED.

C.  ADMITTED in part; DENIED in part. It is ADMITTED that plaintiff has complained that he was sick. The remainder of the averment is DENIED.

D.  ADMITTED in part; DENIED in part. It is ADMITTED that Officer Zielinski occasionally directs prisoners to wait by their cell doors for a variety of reasons when they return to the block. The remainder of the averment is DENIED.

E.  ADMITTED in part; DENIED in part. It is ADMITTED that Officer Zielinski has threatened inmates with a misconduct for poor behavior. The remainder of the averment is DENIED.

F.  DENIED.

G. After reasonable investigation, plaintiff is without knowledge or information sufficient to form a belief as to the truth of the averment. The averment is therefore DENIED. The alleged conversation between Officer Zielinski and Inmate Munt is specifically DENIED.

H. With respect to the plaintiff's wife being late for a visit and her visiting schedule, defendants are without knowledge or information sufficient to form a belief as to the truth of the averment. Therefore, it is DENIED. With respect to the remainder of the averment, it is DENIED.

I. DENIED.

J. DENIED.

K. It is DENIED that Officer Zielinski did not call plaintiff for over one-half hour. After reasonable investigation, defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averment. The remainder of the averment is therefore DENIED.

L. ADMITTED in part; DENIED in part. It is ADMITTED that on September 9, 1999, plaintiff received a misconduct for breaking cell restriction. It is ADMITTED that Officer Zielinski was not aware that plaintiff's cell restriction was no longer in effect. It is further ADMITTED that plaintiff attended a hearing and the misconduct was discharged. The remainder of the averment is DENIED.

M. After reasonable investigation, defendants are without knowledge or information sufficient to form a belief as to the truth of the averment. The averment is therefore DENIED.

N. DENIED.

O.     DENIED as stated. When plaintiff was screaming while on the telephone, he was directed to turn around to minimize the disturbance caused on the block. The remainder of the averment is DENIED.

P.     After reasonable investigation, defendants are without knowledge or information sufficient to form a belief as to the truth of the averment. The averment is therefore DENIED.

Q.     DENIED.

VIOLATION, ISSUE #(3) MISCONDUCT #841989 WITH REWROTE (sic) EXHIBIT 842000 pp. 35-36

1.     ADMITTED in part; DENIED in part. It is ADMITTED that plaintiff submitted a grievance to the grievance coordinator on December 2, 1999 and she forwarded it to the unit manager. After reasonable investigation, defendants are without knowledge or information sufficient to form a belief as to whether the plaintiff specifically complained to the unit manager about Officer Zielinski. However, it is generally not uncommon for prisoners to complain about their block officers. It is DENIED that the unit manager did nothing. The unit manager investigated the grievance. Although defendants are not precisely sure what the final sentence means, it is ADMITTED that the outcome of the investigation of the grievance was a determination that the grievance was unfounded.

2.     ADMITTED in part; DENIED in part. It is ADMITTED that plaintiff received a misconduct on December 3, 1999. It is DENIED that all plaintiff did was tell his wife he was not receiving proper medical treatment. It is ADMITTED that the unit manager heard plaintiff tell his wife to contact the State Representative. It is DENIED that Officer

Zielinski screamed at the plaintiff. After reasonable investigation, it is presently unknown what, if anything, the person on the other end of the telephone line said to plaintiff.[2] After reasonable investigation, defendants are without knowledge or information sufficient to form a belief as to the truth of the claims regarding the State Representative's and plaintiff's wife's activities and knowledge. It is DENIED that the unit manager looked at the plaintiff in a vengeful manner. It is ADMITTED that, shortly after his telephone conversation, the plaintiff was taken into administrative custody pending an investigation into a threat against a staff member, which was discovered by a prison telephone monitor. The remainder of the averment is DENIED.

3. ADMITTED in part; DENIED in part. It is ADMITTED that the telephone monitor stated that the plaintiff threatened an employee or his family. It is DENIED that the misconduct did not have anything on it regarding the threatened person. As the plaintiff states in the complaint, the misconduct stated that the threat was made regarding an employee of SCI-Coal Township.

4. ADMITTED in part; DENIED in part. It is ADMITTED that he was taken into administrative custody pending an investigation on December 3, 1999 and that on December 6, 1999, he received a misconduct. The remainder of the averment is DENIED.

5. ADMITTED in part; DENIED in part. It is ADMITTED that plaintiff initially was scheduled for a hearing at any time after December 8, 1999 at 8:00 a.m. It is further

---

[2]Although a tape recording was made by a prison telephone monitor of that telephone conversation, defendants did not review the tape before answering the complaint.

-10-

ADMITTED that that misconduct was dismissed without prejudice. With respect to the remainder of the averment, after reasonable investigation, defendants are without knowledge or information sufficient to form a belief as to the truth of it. The remainder of the averment is therefore DENIED.

6. ADMITTED in part; DENIED in part. It is ADMITTED that plaintiff was not released from administrative custody once the initial complaint was dismissed without prejudice. It is DENIED that Department policy requires an inmate in administrative custody pending an investigation to be returned immediately to general population when the initial misconduct is dismissed without prejudice. It is ADMITTED that he received another hearing on December 16, 1999, where he was found guilty of the misconduct. It is DENIED that there was not any evidence supporting the misconduct charge. It is ADMITTED that the plaintiff requested a copy of the taped conversation. It is ADMITTED that the taped conversation was never provided to the plaintiff, pursuant to Department policy. It is DENIED that without the tape of the conversation there was no evidence that plaintiff made a threatening remark with respect to a staff member. The remainder of the averment is DENIED.

7. ADMITTED in part; DENIED in part. It is ADMITTED that plaintiff appealed to the program review committee and they sustained the hearing examiner's decision and did not review the tape. With respect to the remainder of the averment, defendants are without knowledge or information sufficient to form a belief as to its truth. The remainder of the averment is therefore DENIED.

8.     ADMITTED in part; DENIED in part. It is ADMITTED that plaintiff appealed to the Superintendent, that plaintiff received a reply from the Superintendent upholding the decision of the program review committee, and that the Superintendent did not review the tape. With respect to the remainder of the averment, defendants are without knowledge or information sufficient to form a belief as to its truth. The remainder of the averment is therefore DENIED.

9.     ADMITTED in part; DENIED in part. It is ADMITTED that plaintiff received a reply from final review, which sustained the Superintendent's decision. With respect to the remainder of the averment, defendants are without knowledge or information sufficient to form a belief as to its truth. The remainder of the averment is therefore DENIED.

RELIEF REQUESTED

A (1 to 8). This section of the complaint states conclusions of law to which no response is required. To the extent the paragraphs are deemed factual, they are DENIED.

### SECOND DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

At no time have defendants, either individually or in concert with others, deprived or sought to deprive plaintiff of any rights, privileges or immunities secured to him by the Constitution or laws of the United States.

### FOURTH DEFENSE

At all material times, defendants have acted in the reasonable good faith belief in the lawfulness of their actions and are entitled to immunity therfor.

### FIFTH DEFENSE

Plaintiff is not entitled to an award of costs or attorney's fees.

### SIXTH DEFENSE

Plaintiff is entitled to no relief, whether declaratory, injunctive, compensatory or otherwise.

### SEVENTH DEFENSE

The complaint is meritless, frivolous and vexatious, warranting an award of attorney's fees against the plaintiff.

### EIGHTH DEFENSE

Any harm to the plaintiff, which is denied, was the direct and proximate result of his actions, which bars recovery.

### NINTH DEFENSE

Plaintiff is seeking to impose liability under 42 U.S.C. §1983 under the principle of respondeat superior.

### TENTH DEFENSE

Although plaintiff has exhausted administrative remedies with respect to some of his claims, plaintiff has failed to exhaust administrative remedies with respect to many of his claims.

### ELEVENTH DEFENSE

Any of plaintiff's claims predating March 13, 1998, is barred by the applicable limitations period.

**WHEREFORE**, judgment should be entered in favor of defendants together with costs and fees.

          Respectfully submitted,

          D. MICHAEL FISHER
          Attorney General

BY: _____
          MICHAEL A. FARNAN
          Deputy Attorney General

          SUSAN FORNEY
          Chief Deputy Attorney General
          Litigation Section

Office of Attorney General
15th Fl., Strawberry Square
Harrisburg, PA 17120
Direct: (717) 787-7369
Date: July 31, 2000

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRADY L. DAVIS, | : | |
| Plaintiff | : | No. 1:CV-00-0490 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| | : | |
| FOX, et al., | : | (Jury Trial Demanded) |
| Defendants | : | |

### CERTIFICATE OF SERVICE

AND NOW, this 31st day of July, 2000, I, MICHAEL A. FARNAN, Deputy Attorney General, counsel for defendants in the above-captioned action, hereby certify that on this day I served the foregoing Answer by causing a copy of it to be deposited in the United States mail, postage prepaid, at Harrisburg, Pennsylvania, addressed to the following:

Brady L. Davis, BX-3685
SCI-Coal Township
1 Kelley Drive
Coal Township, PA 17866

MICHAEL A. FARNAN
Deputy Attorney General

DATE: July 31, 2000